# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HERBERT N. PALMORE, et al.,   ) | |
|     Plaintiffs,   ) | |
| ) | |
| v.   ) | Case No: 2:13-cv-777-KOB |
| ) | |
| MONSANTO COMPANY, et al.,   ) | |
|     Defendants.   ) | |

## **MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on September 30, 2015 (doc. 33), recommending that the court grant the defendants' motion to dismiss (doc. 16) and deny the plaintiffs' motion to amend the complaint as futile (doc. 22). The plaintiffs filed objections on October 14, 2015 (doc. 34), and the defendants filed a response to those objections on October 26, 2015 (doc. 41).

The court will address each of the plaintiff's objections, in turn, by reference to the corresponding number in their objections. For the reasons stated below, the court finds that all of the plaintiffs' objections are due to be OVERRULED.

Section I. This objection is nonsensical because the plaintiffs object based on a ruling the magistrate judge did not make. The plaintiffs quote a sentence from the magistrate judge's report that states that "'Defendants contend Plaintiffs cannot pursue their claims as an independent action under Rule 60 and that this Court lack[s] jurisdiction to hear the matter because the Owens court retained jurisdiction to enforce the judgment." (Doc. 34 at 1) (quoting Doc. 33 at 6)). After pointing out this quote, the plaintiffs claim that the court "erred in ruling that the Owens reservation of jurisdiction has any effect on the pendency of this case in the same Court as *Owen*." (Doc. 34 at 1-2). To the contrary, the magistrate judge did *not* base her recommendation

on the defendants' argument, and, in fact, recognized that the plaintiffs could maintain an independent action under Rule 60 in this court *if* the plaintiffs could meet its stringent requirements for such; the court agrees with the magistrate judge that the plaintiffs cannot meet these requirements. *See* Doc. 33 at 8. As such, to the extent Section I contains an objection, it has no merit.

   Section II. The plaintiffs claim in this objection that the dispute regarding "the severe underpayment in the adjustment of the *Owens* settlement amount" must be settled in the United States District Court for the Northern District of Alabama—the very court in which they brought this independent Rule 60 action. However, what the plaintiffs fail to address is how the magistrate's analysis regarding the timing and merit of such an independent action are incorrect. Instead, the plaintiffs argue that the magistrate judge mistakenly applied the analysis of the decisions in *Tolbert* and *Armour* because this case does not involve arguments regarding lack of subject matter or personal jurisdiction present in *Tolbert* and *Armour*. (Doc. 34 at 3). Yet, the plaintiffs later in their objections seem to argue the opposite—that the prior judgment or settlement is void for lack of jurisdiction. *See* Section V, Doc. 34 at 6. The fact is that the plaintiffs in this case, as did the plaintiffs in the *Tolbert* and *Armour* cases, seek to reopen a long ago settlement the benefits of which these plaintiffs reaped. For the reasons explained by the magistrate judge, the plaintiffs are estopped from doing so.

   Section III. In this objection, the plaintiffs claim that the magistrate judge erred in denying relief to the minor plaintiffs and argue that the magistrate judge's analysis of *Elliott v. Navistar, Inc.*, 65 So. 3d 379 (Ala. 2010), is incorrect. The court disagrees and finds that the magistrate judge's analysis of *Elliott* is well-reasoned and correct. The court agrees with the magistrate judge that *Elliott* stands for the proposition that the minor plaintiffs could pursue

claims against Defendants that their guardians failed to pursue, "but it certainly does not stand for the proposition that a plaintiff gets a second bite at previously litigated claims simply because a guardian pursued the claims on behalf of a minor." *See* Doc. 33 at 13.  To find otherwise would make settlements on behalf of minors virtually impossible.  The court finds that this objection is without merit.

Section IV.  The plaintiffs argue in this objection that the magistrate judge incorrectly "took into account various matters outside the complaint, and indeed, outside of any known record" and should have converted the motion to dismiss to a motion for summary judgment. (Doc. 34 at 5).  Moreover, the plaintiffs assert that this court has "done a lot of general writing and not any study of the evidence." *Id.*.  Contrary to their assertions, this court has studied the law on this matter and finds that, because the documents in the *Owens* litigation are central to the Plaintiff's claims and are referenced throughout the complaint in this case, the court can consider those documents in deciding the motion to dismiss without converting it into a motion for summary judgment.  *See  Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

Moreover, the court can take judicial notice of the filings and rulings in the *Owens* case. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by

resort to sources whose accuracy could not reasonably be questioned.'"). Interestingly, the plaintiffs fail to cite any case or authority as to why the court cannot consider these documents, and they do not suggest in any way that the "undisputed facts" cited by the defendants in their memorandum of law in support of their motion to dismiss are inaccurate or disputed. As such, the court finds that this objection is due to be OVERRULED.

Section V. The plaintiffs' objection in this section asserts that the magistrate judge's reliance on *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970) was error because that decision is inapplicable to this case. The court disagrees. The magistrate judge correctly evaluated the "essential elements" from *Bankers Mortgage*, looking at them from the lense of the "grave miscarriage of justice" standard that the Supreme Court in *United States v. Beggerly*, 524 U.S. 38, 47 (1998), has set out for independent actions under Rule 60.

The court agrees with the magistrate judge that the plaintiffs have failed to show that absent Rule 60 relief a grave miscarriage of justice to the plaintiffs would occur. To the contrary, the court finds that the defendants would be unduly prejudiced by reopening a case settled over ten years ago that provided benefit to the plaintiffs and detriment to the defendants that cannot be undone.

Section VI. The plaintiffs merely conclude in this section that the magistrate judge erred in denying permission to amend the complaint without waiting for an objection by the defendants, but give no reasoning or grounds for the conclusion. The court finds this objection is without merit.

Section VII. In this objection, the plaintiffs seem to argue that the magistrate judge erred in her recommendation that, to the extent the instant action could be a proper independent action under Rule 60, the plaintiffs are estopped from pursuing such an action. As grounds for the

objection, the plaintiffs state that estoppel is an affirmative defense for which the burden of proof is on the movant; that "[a] movant for summary judgment asserting an affirmative defense must show that it would be entitled to judgement as a matter of law if, at the trial of the case, the evidence presented was uncontradicted and entitle the movant to judgment as a matter of law"; and that the magistrate judge "gave no consideration to this matter and so clearly erred."

This objection is unclear as to whether it is a reiteration of the objection in Section IV that this motion should have been converted to a summary judgment. Regardless, the magistrate judge correctly followed Eleventh Circuit authority regarding estoppel as set forth in *Zaklama v. Mount Sinai Med. Center*, 906 F.2d 645, 650 (11th Cir. 1990), and *Tolbert et al. v. Monsanto Co.*, Nos. 13-15621, 14-10967, 2015 WL 5172854 (11th Cir. September 4, 2015), and this objection has no merit.

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and all of the plaintiffs' objections. The court ADOPTS the magistrate judge's report and ACCEPTS her recommendation that the court grant the defendants' motion to dismiss (doc. 16) and deny the motion to amend the complaint as futile (doc. 22).

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 2nd day of December, 2015.

_Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE